UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of TETHYAN COPPER
COMPANY PTY LIMITED for an Order
Pursuant to 28 U.S.C. § 1782,

*Petitioner.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: <u>4/28/2022</u>

21 Misc. 377 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On March 26, 2021, Petitioner, Tethyan Copper Company Pty. Limited, submitted an *ex parte* petition (the "Petition") for an order pursuant to 28 U.S.C. § 1782(a) to obtain discovery for use in a contemplated civil proceeding in the British Virgin Islands (the "BVI Litigation"). ECF No. 1.  Petitioner seeks permission to serve subpoenas on Aimbridge Hospitality, LLC ("Aimbridge"), Norton Rose Fulbright US LLP ("Norton Rose Fulbright"), and White & Case LLP ("White & Case") (together, the "Respondents").  Petitioner also seeks permission to proceed *ex parte*.  Tethyan Mem. at 21, ECF No. 2.  For the following reasons, the Petition is GRANTED.

**DISCUSSION**

I.  <u>Legal Standard</u>

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (quotation marks alterations, and citation omitted).  Courts routinely grant such petitions *ex parte*.  *Gushlak v.*

*Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

In determining whether to grant a § 1782(a) petition, the Court may also consider "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome." *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38–39 (2d Cir. 2017) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)) (quotation marks omitted) (alteration in original).

II.  Analysis

A. *Ex Parte* Proceeding

Courts routinely grant similar petitions *ex parte*. *See Gushlak*, 486 F. App'x at 217. Accordingly, Petitioner's request to proceed without serving the Petition on Respondents is GRANTED.

B.  The Petition

Petitioner has met the three statutory requirements of § 1782. First, Petitioner avers that all Respondents are "found" or "reside" in this district. Weigel Decl. ¶¶ 30–32, ECF No. 3. Second, Petitioner has established that it intends to use the discovery in an ongoing foreign proceeding—specifically, the BVI Litigation—to strengthen its position. *Id.* ¶ 29; Tethyan Mem. at 17. Under the plain text of § 1782, a foreign proceeding includes "a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *Mees*, 793 F.3d at 299 ("[A]n applicant

may seek discovery of any materials that can be made use of in the foreign proceeding to increase [its] chances of success."). Third, Petitioner initiated the BVI Litigation, and is therefore plainly an interested party to that action. Tethyan Mem. at 17; Weigel Decl. ¶ 21 .

Each of the discretionary factors also weigh in favor of granting the Petition. First, Respondents are not parties to the BVI Litigation. Tethyan Mem. at 18. Second, the BVI Court has already accepted some evidence from Respondents, so there is no indication it would not be receptive to further discovery requests. *Id.* at 19. And, courts in this district routinely grant § 1782 applications for discovery for use in the BVI. *E.g.*, *In re Alghanim*, No. 17 Misc. 406, 2018 WL 2356660 (S.D.N.Y. May 9, 2018). Third, there is no evidence that Petitioner is attempting to circumvent any proof-gathering restrictions imposed by BVI law, or otherwise seeking the discovery in bad faith. Finally, the subpoenas Petitioner proposes are not unduly intrusive or burdensome, because the "responsive information is likely to be relatively limited," and generally concerns communications occurring within the span of a "few months." Tethyan Mem. at 20–21. Accordingly, the Petition is GRANTED.

## CONCLUSION

For the reasons stated above, the Petition is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 1, and to close the case.

SO ORDERED.

Dated: April 28, 2022
New York, New York

ANALISA TORRES
United States District Judge